| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | Civil Action No.: 15-CV-3308<br>Date Summons Filed: |

-------------------------------------------------------------------X

Nicholas Roman,

                               **COMPLAINT**

               Plaintiff,

   -against-

                               **JURY TRIAL**
                               **DEMANDED**

The City of New York, NYPD Police Officer Ronald York, NYPD Police Officer John Doe 1, NYPD Police Officer John Doe 2, NYPD Police Officer John Doe 3 and NYPD Police Officer John Doe 4,

                               ECF Case

               Defendants.

-------------------------------------------------------------------X

      Plaintiff NICHOLAS ROMAN (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, Kareem E. Abdo, Esq., complain against the above captioned Defendants THE CITY OF NEW YORK, New York City Police Officer RONALD YORK, and four unnamed New York City Police Officers hereinafter referenced as JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, and JOHN DOE 4 (hereinafter referred to individually as "Defendant" or collectively as "Defendants"). Plaintiff hereby brings this action under 42 U.S.C. § 1983 to redress his civil and legal rights and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is a civil rights action in which the plaintiff, NICHOLAS ROMAN, seeks relief for the Defendants' violations of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, by the United States Constitution, including its First, Fourth and Fourteenth Amendments, and

by the laws and Constitution of the State of New York. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the Plaintiff's Constitutional and civil rights.

3. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

4. Venue in this District is proper under 28 U.S.C. § 1391 (b) and (c) in that defendant, the CITY OF NEW YORK, is administratively located in part within the Eastern District of New York, and the events giving rise to this claim occurred within the boundaries of the Eastern District of New York.

## JURY TRIAL DEMANDED

5. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

6. At all times relevant to this action, Plaintiff NICHOLAS ROMAN was and is currently a resident of Queens County, New York.

7. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of Defendants New York City Police Officers RONALD YORK, and the four unnamed police officers, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3 and JOHN DOE 4.

8. Defendants YORK and the four JOHN DOEs are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of the New York City Police Department, a municipal agency of Defendant CITY OF NEW YORK. At all times relevant herein, the individual defendants were acting under color of the laws, statutes ordinances, regulations, policies and/or usages of the State of New York and the New York City Police Department, in the course and scope of their duties and functions as officers, agents, servants and employees of Defendant CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by the CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. They are sued individually and in their official capacity.

9. By the conduct, acts and omissions complained of herein, Defendants YORK and the four JOHN DOEs violated clearly established Constitutional standards under the First, Fourth and Fourteenth Amendments to the United States Constitution of which a reasonable police officer under the circumstances would have known.

**NOTICE OF CLAIM**

10.  Plaintiff will make leave to this court through a motion for leave to file a late notice of claim as is permitted by law.  *See* Nunez v. City of New York, 307 AD2d 218, 219 (N.Y. App. Div. 1, 1994).

11.  This claim is brought in a timely fashion.  *See* Ragland v. New York City Hous. Auth, 201 AD2d 7,10 (N.Y. App. Div. 2, 1994).

12.  Defendant CITY OF NEW YORK was made aware of the claims contained herein as plaintiff filed a complaint with the Civilian Complaint Review Board, an agency of Defendant CITY OF NEW YORK well within ninety days.  *Id.*

13. Plaintiff's failure to file a timely notice of claim is excusable as Plaintiff was only represented by an appointed lawyer that's specialty is criminal law.  This attorney wrongly advised Plaintiff that to file a civil action he must complain to the Civilian Complaint Review Board.  *See id.*

14.  Plaintiff will not speculate as to whether the delay in filing a notice of claim substantially prejudices Defendant CITY OF NEW YORK from maintaining a defense on the merits, *id,* but will note that the Civilian Complaint Review Board was made aware of Plaintiff's complaints within 30 days of accrual of the cause of action.

15.  This section of the complaint is designed to inform both the Court and Defendant CITY OF NEW YORK but not meant to be a motion to the Court.

## STATEMENT OF FACTS

16. In the early hours of July 5, 2014 plaintiff was with his brother in law in Queens County, New York.

17. Plaintiff found an orange marker at the base of a city wall.  He picked it up.

18. Soon thereafter Defendant JOHN DOE 1 and other unnamed New York City Police Officers came up to him and immediately arrested Plaintiff.

19. The unnamed officers and Defendant JOHN DOE 1 called for a police wagon to bring plaintiff in to the 104th police precinct.

20. When the wagon arrived the Plaintiff was taken and was accompanied by, upon information and belief, Defendant RONALD YORK, and two other unnamed officers accompanied Plaintiff in the wagon to the 104th police precinct.

21. Plaintiff was held in police custody for about three hours or a bit more at which point he was asked if he wanted to make a statement.

22. Defendant RONALD YORK, came up to the plaintiff and asked him if "he wanted to cooperate."  Plaintiff wanted the ordeal to end and as he viewed himself as innocent stated he was willing to cooperate.  Plaintiff was told that he would "make a statement."

23. Plaintiff was led into a small room and had one hand cuff taken off.  Plaintiff was directed to write a confession.  Plaintiff was directed to indicate his "tag name" and whether he "did graffiti."  Plaintiff responded that he does not do graffiti and likewise does not have a tag name.

24. Defendant RONALD YORK, then asked Plaintiff "do you want to do this the hard way?" in addition to Defendant RONALD YORK, two of the unnamed Defendants, JOHN DOE 2 and

JOHN DOE 3 were in the small room with the Plaintiff. Defendant RONALD YORK told plaintiff that he would be taken back to the cell in the precinct because they would take him down to central booking.

25. Plaintiff got up and took two steps away from the desk he was seated in, not in the direction of the officers, in what seemed to be their directive. That is when Defendant RONALD YORK, charged at Plaintiff, threw the Plaintiff down and starting hitting him in the ribs.

26. Defendant JOHN DOE 4, an officer wearing a white shirt and seemingly above rank came into the room and said, "What the fuck is going on in here?"

27. Plaintiff's parents who were at the precinct at the time to pick up some belongings heard the Plaintiff scream out in agony and asked what was going on, because they recognized their son's voice. They were told that the handcuffs had been put on their son too tightly.

28. Plaintiff was brought back to his cell where he complained of his injuries to Defendants JOHN DOE 1 and JOHN DOE 4. Upon information and belief an hour or two passed before Plaintiff was taken to a hospital, not the nearest hospital, Wykoff Hospital in Brooklyn, NY but to Elmhurst Hospital in Queens, a difference of 15 minutes or so from the 104th police precinct. Plaintiff was taken to Elmhurst Hospital in an ambulance and was accompanied by Defendant JOHN DOE 1.

29. When Plaintiff got to the hospital he was treated for several injuries, including the bruising on his ribs, there were also cuts on his wrists from the handcuffs, interestingly the treating physician commented that there was, "no need to perform an alcohol blood level," because the Plaintiff was clearly not drunk.

30. After his hospital stay Plaintiff was taken back to the 104th police precinct and then was brought to central booking where he remained between three and five hours.

## CAUSES OF ACTION

### FIRST CLAIM: EXCESSIVE FORCE

### DEPRIVATION OF RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

31. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

32. The conduct and actions of Defendants RONALD YORK and the two of the four unnamed New York City Police Officers, JOHN DOE 2 and JOHN DOE 3 acting in concert and under color of law, in physically assaulting the Plaintiff, was excessive and unreasonable, was done intentionally, willfully, maliciously, with deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts.  These acts were done without lawful justification or reason, and was designed to and did cause specific and serious physical and emotional pain and suffering in violation of Plaintiff's rights guaranteed under 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free from the use of excessive, unreasonable and unjustified force by a state agent.

33. As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and emotional pain and humiliation, was deprived of his Constitutionally protected rights, and was otherwise damaged and injured.

## SECOND CLAIM: DENIAL OF MEDICAL CARE

### DEPRIVATION OF RIGHTS UNDER THE FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

34.   Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

35.   Members of the New York City Police Department have an affirmative duty to seek medical attention for persons who are injured during restraint by the police.

36.   Defendants JOHN DOE 1 and JOHN DOE 4 were in the immediate vicinity of the Plaintiff when he requested medical attention for his injuries sustained during the unlawful attack upon his person by Defendant RONALD YORK.  Indeed, Defendant JOHN DOE 4 witnessed the assault and battery upon the Plaintiff.  Despite repeated requests the New York City Police Officers ignored the Plaintiff's requests for help for three hours.

37. The conduct and actions of Defendants JOHN DOE 1 and JOHN DOE 4, acting under color of law, in failing to request or obtain medical attention for the Plaintiff, NICHOLAS ROMAN, was unreasonable, was done intentionally, willfully, maliciously, with deliberate indifference and/or with a reckless disregard for Plaintiff's serious medical needs, and was designed to, or reasonably should have caused a reasonable actor to have realized, that specific and serious physical and emotional pain and suffering would result in violation of Plaintiff's substantive due process rights as guaranteed under 42 U.S.C. § 1983, and the Fourteenth Amendment to the United States Constitution.

38.   As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and emotional pain and suffering, and was otherwise damaged and injured.

## THIRD and FOURTH CLAIMS:  ASSAULT AND BATTERY

## COMMON LAW CLAIMS UNDER NEW YORK STATE LAW

39.  Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

40.  By the conduct and actions described above, Defendant RONALD YORK inflicted the common law torts of assault and battery upon Plaintiff.  Defendants JOHN DOE 2 and JOHN DOE 3 inflicted the common law tort of assault upon plaintiff.  The acts and conduct of Defendants were the direct and proximate cause of injury and damage to Plaintiff and violated Plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

41.  Defendant RONALD YORK's acts constituted an assault upon Plaintiff as his intentional actions would have led a reasonable actor to believe s/he was in danger of physical attack.

42.  Because Defendant RONALD YORK did in fact intentionally physically attack the Plaintiff and was not authorized to do so, his actions constitute a battery upon Plaintiff.

43.  Defendants JOHN DOE 2 and JOHN DOE 3 also committed assault by joining Defendant RONALD YORK to physically attack the Plaintiff.  Plaintiff could have reasonably believed that after Plaintiff began to become battered that the other officers would join in.

44.  The actions of the Defendants, RONALD YORK and JOHN DOE 2 and JOHN DOE 3 were intentional, reckless and unwarranted and were done without any just cause or provocation, and were obviously done without the consent of Plaintiff.

45. The injuries sustained by Plaintiff were caused wholly and solely by reason of the conduct described, and Plaintiff did not contribute thereto.

46. As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and emotional pain and humiliation, was deprived of his legal rights, and was otherwise damaged and injured.

### FIFTH CLAIM: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### COMMON LAW CLAIM UNDER NEW YORK STATE LAW

47. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

48. Defendant RONALD YORK's conduct in physically attacking the Plaintiff without provocation or justification, was extreme, outrageous, and utterly intolerable in a civilized community. His actions are unacceptable.

49. Defendant RONALD YORK's conduct was intended to and did cause severe emotional distress to Plaintiff.

50. The conduct of Defendant RONALD YORK was the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

51. As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and emotional pain and humiliation, was deprived of his legal rights, and was otherwise damaged and injured.

## SIXTH CLAIM:  NEGLIGENCE

## COMMON LAW CLAIM UNDER NEW YORK STATE LAW

52. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

53. Defendants RONALD YORK, and JOHN DOEs 1-4 while acting as agents and employees for Defendant CITY OF NEW YORK, in their capacity as a New York City Police Department Officers for Defendant the CITY OF NEW YORK, owed a duty to Plaintiff to conduct their duties as officers without excessive force, with due care, and within reasonable standards.  All of the individual Defendants in this action failed in this duty.

54. Defendant RONALD YORK's use of force upon Plaintiff, when Plaintiff was unarmed and did not pose a threat of death or grievous bodily injury to Defendant RONALD YORK or to others constitutes negligence for which Defendant RONALD YORK is individually liable.

55. Defendant RONALD YORK's use of force upon Plaintiff when Defendant RONALD YORK had no lawful authority to use force against Plaintiff constitutes negligence for which Defendant RONALD YORK is individually liable.

56. Defendant JOHN DOE 4 owed a duty to act as a reasonable police officer when conducting his duties.  Plaintiff suffered injuries when he failed to meet these standards.  Defendant JOHN DOE 3 did not respond adequately and immediately to the requests for medical attention by Plaintiff for the injuries to the physical battery inflicted upon Plaintiff by Defendant RONALD YORK, an event Defendant JOHN DOE 4 witnessed.

57. Defendants JOHN DOE 2 & 3 owed a duty to act as reasonable police officers when conducting their duties.  Plaintiff suffered injuries when they failed to meet these standards.  Defendants JOHN DOE 2 & 3 are required by the duty described in this paragraph to stop unlawful activity by their fellow officers, here Defendant RONALD YORK.

58. Defendant JOHN DOE 1 owed a duty to act as a reasonable police officer when conducting his duties.  Plaintiff suffered injuries when he failed to meet these standards.  Defendant JOHN DOE 1 did not respond adequately and immediately to the requests for medical attention by Plaintiff for the injuries to the physical battery inflicted upon Plaintiff by Defendant RONALD YORK.

59. When Plaintiff was finally taken to the hospital, Defendant JOHN DOE 1, upon information and belief, told medical staff that Plaintiff was drunk and suffered his injuries due to intoxication.  These actions also failed to meet the standards of a reasonable police officer as a reasonable police officer would know that accuracy in detailing how a person sustained injuries is essential to proper medical care by medical professionals.

60. As a proximate result of individual Defendants RONALD YORK and JOHN DOEs 1-4 negligent conduct Plaintiff sustained physical and emotional pain and suffering, and was otherwise damaged and injured.

### SEVENTH CLAIM:  RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS
### COMMON LAW CLAIM UNDER NEW YORK STATE LAW

61. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

62. The conduct of individual Defendants RONALD YORK and JOHN DOEs 1-4 alleged herein occurred while they were on duty and in uniform, in and during the course and scope of their duties and functions as a New York City police officers, and while they were acting as an agent, officer, servant and employee of Defendant CITY OF NEW YORK.  As a result, Defendant CITY OF NEW YORK is liable to Plaintiff pursuant to the state common law doctrine of *respondeat superior*.

## EIGHTH CLAIM:  NEGLIGENT SUPERVISION, RETENTION AND TRAINING
## COMMON LAW CLAIM UNDER NEW YORK STATE LAW

63. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

64. Defendant CITY OF NEW YORK negligently trained, retained and supervised the individual Defendant officers RONALD YORK and JOHN DOEs 1-4.  The acts and conduct of Defendants RONALD YORK and JOHN DOEs 1-4 were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

65. As a municipality Defendant CITY OF NEW YORK owes it's governed the duty to supervise, retain and train its employees but especially its police officers properly.  Defendant CITY OF NEW YORK failed to meet this standard.  As a result of this failure Plaintiff suffered violations to his rights under both the United States Constitution and New York State Constitution as well as a violation of his legal rights under United States law and New York

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all of the Defendants:

a. Compensatory damages in the amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. The convening and empanelling of a jury to consider the merits of the claims herein;

d. Costs and interest and attorney's fees;

e. Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
June 3, 2015

Kareem E. Abdo, Esq.
260 Madison Ave.
Suite 204
New York, NY 10016
Tel: (646) 286-6472
Fax: (646) 663-3921
Email: kareemabdolaw@gmail.com

*Attorney for Plaintiff*